Good morning, Your Honors, and may it please the Court. My name is Megan Maitea. I represent the Plaintiffs and Appellants, Anderson, Whitaken, and Weird Science, LLC, who brought this lawsuit derivatively on behalf of Renovorrow, Inc. I request preserving five minutes for rebuttal. My theme in this argument, and I think the theme in this appeal, is really the tension of when to apply form versus substance, and the disputes between the parties and the key arguments revolve around when to apply form versus substance and what that actually means. My first argument, which feels almost like a shortcut argument to cut to the chase, deals with form, the form of the standard of review. We made an argument encouraging the Court to consider changing the standard of review for dismissals of derivative actions from abuse of discretion to de novo review. I'm not going to address that here. I understand that it's a long shot and probably sounds like a big headache to the panel of judges to do that, but the case law warranted my noting that in the briefing. The current standard of review is abuse of discretion, and the District Court abuses its discretion if it commits legal error by applying the incorrect standard and deciding the issue before it. Our argument is that the correct legal standard for the District Court in deciding whether the demand on the Board was wrongfully refused, the only issue on appeal here, required the Court to consider if the Board acted with gross negligence or in the disjunctive bad faith. Did you allege that in your complaint? We did allege bad faith in our complaint. One of the issues— Did you allege gross negligence? Gross negligence was not the focus of our allegations or our argument in the briefing on the motion to dismiss or at the hearing on the motion to dismiss. Our argument always revolved around bad faith. So I thought your argument was demand futility. It seemed that there was a demand, a pre-filing demand, and then that you alleged demand futility when you filed suit a few days later, but now it seems that you're pivoting and arguing it's a wrongful denial case rather than demand futility. Am I understanding the way the argument has sort of morphed, or am I—if I'm wrong here, just please explain what the argument is. Thank you. It's our position that the argument hasn't morphed, and the issues were always alleged in the first amended complaint and then argued to the District Court as alternatives. When we filed, the case started, it was very chaotic, there's a lot of baggage with these parties in this case, and we filed the initial complaint, we sought an emergency TRO to stop or to seek corrective action before a corporate special meeting, and that was denied. In response to that, we filed an amended complaint. At the TRO briefing and subsequent briefing before the amended complaint, this issue of demand versus demand futility was a hot-button issue, and the court never decided it before the first amended complaint was filed. Well, it seems that there was something a little odd about how this developed procedurally in that the Delaware law seems clear that, as the court said very colorfully, you can't have your cake and litigate it too, that you couldn't do both, and you made the demand, and then you filed suit, and you really couldn't do both, and then you alleged demand futility. What I think the procedure should have been is you file suit and allege demand futility, why you didn't do the pre-filing demand. But both of those things happened, and the District Court was saying, well, this isn't permissible, and then now we're having an argument of wrongful denial. And I think the District Court focused on gross negligence, and then there's a second answer to both of those at the time of any denial. Wrongful denial is what you're arguing, so we need to see if there's gross negligence or bad faith at the time that the BRNOVO denied your demand, right? Am I wrong on that? I mean, I agree with you. This has been a little bit chaotic, how this has unfolded. I hear two different questions from the court, so I'm going to answer them one after the other. The first question as to demand versus demand futility, we alleged, briefed, and argued whether a demand was made. And if it was made— Didn't you concede that a demand was made? I thought you eventually did concede that you had made a demand. We—I mean, for purposes of the argument before the District Court, we—that was a tough issue. It was not—it was a tough issue, and I realized it based on the record. You sent a letter meeting all the requirements for a demand letter attaching the complaint to, let's see, to RENOVERO Biosciences, and that—why is—are you now arguing that was not a demand? No. We— So, the District Court correctly found that was a demand, right? Well, we are not appealing the District Court's decision that that was a demand. So that's step one. And step two was, was the demand wrongfully refused? And that's where we get into the disjunctive standard. The board actually investigated pursuant to the demand, right? Well, that is an issue in this appeal and are part of our argument for bad faith. If we—I concede for purposes of this appeal, we are not appealing the court's decision that the January 19, 2024 letter was a demand. Okay. Did the board refuse to act in response to your demand? My position is yes. But when? Right. When? Well, so— Then, then you should be arguing a wrongful refusal. That is what the issue is on this appeal. Well, I don't see where in the complaint you make a wrongful refusal claim. I guess it would be helpful for me if you just pointed to some specific paragraphs or portions of the complaint where you make a wrongful refusal claim because it seemed like demand futility to me, which maybe I'm repeating Judge Beatty's question. The allegations of bad faith to support—this was an issue in the briefing at the district court and here.   Please just answer Judge Thomas' question.  I have two— What paragraph in the complaint says— I have the second volume of the excerpt of record. Do you have a—do you have the complaint operable? The first amended complaint paragraphs 111 through 130. Okay. The second volume, ER 220 through 229. There was an argument by the board that we are heading—our heading in the complaint, the first amended complaint, discussed demand futility and not wrongful refusal. So counsel, I'm looking at—I think I'm looking at the correct complaint. Paragraph 111, it starts with allegations about inaccurate or inappropriate SEC filings. Is that the portion you're pointing to in September 2016? I will have to— And events that occurred in 2017. I think where I'm struggling a little bit to understand how your theory is that you filed the—sent them a demand and within days, a few days, filed suit and in this complaint alleged demand futility. And now you're arguing wrongful denial. But it seemed like you filed suit before there was—it was in a matter of days, right? So there hadn't been a denial within five days or so. And that's correct. So the timing—and this is included in the first amended complaint—the timing of the four days between the demand letter and the filing of suit. Our position is that that was—the emergency nature of that was a result of the conduct of the board. The board was trying to make it—the parties had been in communication for months and months about these issues, and the board was trying to make it so that we could not challenge this special meeting, the result of which diluted my client's beneficial ownership by half. So you sought a TRO to stop the meeting and it was denied? Correct. Okay. And the company, they formed a committee to investigate the allegations in your demand? Is that correct? A committee was formed, which we learned about in an SEC filing a few months later, with two purported independent directors. So you filed suit before the conclusion of their investigation, before you even knew about the investigation and the demands? Correct. The committee was formed. I'm cognizant of my time, so I'm going to answer this and hope to reserve the remainder. The committee was formed in response to our complaint. So when you make a demand, you are acknowledging that the board has business judgment, they're running the company, they have an opportunity to investigate, to respond, right? Correct. So was there a point where they said, look, we've investigated, we're done, we're denying your demand? Did that happen at some point? No. And to date, that has not happened. And the two independent directors or purported independent directors who were on the committee both resigned. One resigned purportedly for family reasons, the other resigned because, and this is all in the record because we notified the district court of it after the oral argument, but before the motion to dismiss order came out, he resigned because of pressure from defendant Renee Sindleb, who is the chief adversary in this case. So you're arguing that's evidence of bad faith? Correct. The filings, what you characterize as inappropriate or improper SEC filings or inaccurate filings, resignation of board members, new board members. But that all happened after you filed suit and before there's a denial. So I'm having a hard time placing those in the chronology so that they are evidence of bad faith for a wrongful denial. Well, I'm probably going to run out of time for reservation, but the bad faith, the case law says this is a holistic review and it's an iterative process. Time is passing and the district court asked me at the October 3rd, 2024 hearing on the motion to dismiss, have you heard anything? And I said, no, I haven't even been acknowledged. And that was October 2024. Now an additional 15 months have passed. The special committee independent directors no longer exist within the company. Everybody is gone. Sindlev put his own people in there and they've abandoned the investigation from the outside looking in. That is part of the case law says that abandoning an investigation is indicative of bad faith. And my last point before I sit down is that we also sought leave to amend. All of these facts were before the district court for purposes of bad faith, wrongful refusal before the district court issued the order granting the motion to dismiss. And that was enough to, under the liberal amendment rules of court to allow plaintiffs leave to amend to put before the court the current situation for wrongful refusal. So at the time that the district court judge issued its ruling, he said that the investigation is by all accounts still ongoing. So you had not put before him that the investigation had fallen apart because the independent directors were gone. I did put it before him in a notice between the hearing and the ruling. We filed a notice, it's in the record, and the district court judge put in a footnote that that was not relevant to bad faith. And we believe that's an abuse of discretion. I'll reserve the rest of my time. Okay, thank you. Good morning.  May it please the court, Michael Quinn, on behalf of the Apelli-Renovaro Biosciences Directors. This case is not a complex case. This case involves a long settled black letter, Delaware corporate law, that provides simply that if a shareholder makes a demand upon a company's board of directors to take some action, it has conceded as a matter of law that the board's ability to do its job and investigate those demands, and it cannot immediately commence a lawsuit alleging demand futility. So that's the law, but your friend on the other side seems to be saying that events were going so quickly that they did both, and now the events have continued to the point where actually she's alleging gross negligence and bad faith in the investigation, but she hasn't actually alleged that, and she wants an opportunity now to amend the complaint to allege that based on facts that were subsequent to the complaint. In the words of the case to which Justice Bain referred, the Dalvey Pope opinion of the Delaware Chancery Court, citing the Delaware Supreme Court and Siegel opinion, under Delaware law, Stock, Calder, plaintiff bringing a derivative suit has two options. Make a pre-suit demand on the board, or plead demand futility. These options are mutually exclusive. A stockholder is not permitted to have its cake and litigate it to, and that's precisely what plaintiffs did in this case, and that is the precise grounds on which the district court properly dismissed the lawsuit. So is there, I'm sorry to interrupt you, is there a procedure by which the plaintiffs could have a remedy? So they sent a demand and filed suit and alleged demand futility. District court dismisses that. Meanwhile, the company has formed a committee, they've started an investigation, but plaintiffs are alleging it's a sham, it's in effect abandoned, it's a wrongful termination in effect. Could they now file suit and allege wrongful termination of their demand or wrongful denial of their demand? Or I guess it would be a, if it's not an explicit denial, it would be sort of a de facto denial and it's wrongful? That's the key. There has been no rejection of the demand. Indeed, the only portion of the record that relates to this issue, and it's referenced by the judge in his order, is that the board pointed a special litigation committee, special counsel began investigating. But you can't have a... These arguments today, presented here and in the brief, that say that investigation didn't happen, that investigation is fake, that investigation isn't real, that is based on the fact that plaintiffs have not received any information about the investigation. And that's where counsel confuses because... I think the argument is that this committee isn't even really in existence in the same way anymore. There is nothing in the record that supports that. That's counsel's argument. And indeed, it's not true. The special litigation committee existed, hired counsel, conducted investigation, completed the investigation. The cause and effect here is plaintiffs and their counsel have not received any information concerning that investigation because they are maintaining this litigation. The Delaware court says they're mutually exclusive options. You can't do both. You can't maintain litigation and demand information about the investigation. The board and the special litigation committee is going to sit on its hands and wait until this litigation is no longer. And to your point, yes, at that point, when this litigation is dismissed, when the board is able to finish its job, make recommendations to the full board, take action or not take action, then and only then does a derivative plaintiff have another path forward. And that path forward is file a lawsuit and try to overcome the presumption of the business judgment rule. Another way of saying that if she has claims, they're not ripe because she opted for the demand and that process has not been completed. By violating Delaware law and doing both at the same time, she has prohibited the board from doing what the board is obligated to do. And so the board has done it. It just hasn't made the information public because it has no obligation to make that information public while it's simultaneously defending these claims. That's the very underlying purpose of requiring derivative plaintiffs to first make a demand. It's because the company shouldn't have to investigate it and also defend those claims. I appreciate your answer. That was helpful. But I was getting at something a little different, which I think I can glean from your answer, which is if there is a company that is conducting a sham investigation or just abandons the demand and doesn't pay attention to it, there is a remedy at some point. There's a remedy for the shareholders. They could bring a claim and argue this is, in effect, a wrongful termination because they didn't act on our demand. They can commence it and they're going to be subject to the business judgment rule, right? You have to overcome the business judgment rule because if the committee did, in fact, do an investigation, but you don't like the investigation, you don't think it was robust enough, you don't like the conclusions, you don't like the board's decisions as a result, then you can file suit attacking that investigation. That's a different lawsuit with different claims and a very different legal standard applied to it. Once the court found that this plaintiff sent a demand to the board, the only path forward is for this litigation to be dismissed. Let the board do its job, which it did. The only evidence in the record is the board did exactly that. But this litigation was filed one business day. The demand got sent late on a Friday and named corporate counsel, thereby creating a conflict with the only lawyers that had any information, and they had to find new counsel. They tracked me down in vacation in Costa Rica to come in over the weekend, get up to speed on a client I'd never represented before, and oppose this TRO days later. That plaintiff put the company in that position and they did what they were supposed to do. They appointed a special litigation committee, the special litigation committee retained counsel, a reputable firm who has conducted the investigation. So is it your position that the district court should not have entertained a wrongful termination argument? Yes. Yes, I think the court, exactly, I think the court had no reason to. But the court nonetheless did entertain these arguments. As you noted, there is no reference. The words wrongful refusal do not appear in the first amendment complaint anywhere. The words bad faith appear exactly once, and they appear in a section entitled demand on the board would be futile. In fact, the very sentence in which the words bad faith appear ends with a quote, and therefore demand upon the board is excused. The words bad faith were only used in connection with the demand futility argument because that's the only argument that was presented there, and that makes sense because to do otherwise would be having your cake and litigating it too. And that's plainly outlawed under Delaware law. So I think, yes, the judge entertained those arguments because they had been raised in the briefs. They had been raised at the hearing. At the outside of the hearing, the judge identified two issues he wanted to hear about. One, whether they had violated Delaware law by making a demand to immediately file a suit. And two, tell me about all this other litigation between these parties, which makes, according to our argument, plaintiffs entirely wholly improper derivative plaintiffs. You can't sue a company and be for millions of dollars and at the same time want to represent that company and say that you're going to act in the best interest of the shareholders. There's plenty of cases where it says that. And the judge here didn't ultimately listen to all those arguments. Didn't have to reach that argument on the motion to dismiss because it was black letter law that having made a demand, immediately filing suit, there was no choice but to dismiss this litigation. And so he entertained all that, and he entertained the information that was presented later in the notice of subsequent events, and he properly concluded none of that changes the required outcome of dismissal based on the fact that you filed a demand. And you're right. They couldn't possibly have refused that demand in the two business days after it was received and the complaint was filed. They had no opportunity to refuse that demand. It was not refused. And they did what they were supposed to do, assuming that this case would be dismissed, particularly after they defeated the TRO, and particularly after they defeated the motion to dismiss, so that they could proceed and do their job, and they've not been able to do that because this litigation is still pending. So your argument is they made a fatal strategic error at the outset, and if they had simply filed suit and alleged demand futility, they could have litigated that. We would have then litigated whether, in fact, demand was futile or not, yes. And once they did it, that's a fatal error. And that's what courses across this country have held. And courts have held you can't do what plaintiffs have come here now to do and argue in a court of appeal that my complaint actually alleged both as an alternative. The courts have routinely rejected efforts by plaintiffs who have sought to do it in two different actions. File one action by a plaintiff alleging demand futility, and file another action by another plaintiff alleging wrongful refusal of the demand. Judges say you can't cover your bases in that respect. And the only proper outcome is the dismissal of both of those cases. You've made a demand, and the board gets to do its investigation. And as far as I could tell, and all of American jurisprudence, no plaintiff has ever alleged, oh, we did it both in the same case, because it's illogical. Did you make a demand, or didn't you? If demand, if you're alleging demand futility, that means demand was excused, and you didn't make a demand. And the arguments here that this wasn't a demand, like the fact that the document was entitled Demand for Corrective Action. I think she conceded it was a demand. Right. Here, in the court of appeal, yes. Right. But not in the motion. We get your point. We get your point. If you have other questions for me, I'm happy to rest. No, thank you. You have about a minute, Ms. Misha. A few points. I just want to state that there's nothing in the record suggesting that the committee did anything, much less complete an investigation and do its job. And that should not be considered. There's also no case law cited saying that pending litigation prevents the board or the special litigation committee from acting. That's not how the business works. If they had an obligation to investigate something, and that's what they're hanging their hat on in defending this, then there's no authority that says that they get to withhold that information because of pending litigation. The First Amendment complaint paragraphs at 122 through 131, those are under the demand futility heading. The court ruled against us on that, but that considers bad faith. Those are our bad faith allegations. They have not been decided yet at the time we filed the First Amendment complaint, which really takes us to our request for leave to amend, which gave us 11 months more of data on bad faith and wrongful refusal. Thank you, counsel. Weird Science versus Synliv will be submitted, and the court will be in recess for approximately five minutes.
judges: WARDLAW, BADE, THOMAS